# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LERVOLTIS LUCKETT,

    Plaintiff,

    v.                                                          Case No. 09-C-1031

PETER HUIBREGTSE, NURSE MORA,
NURSE AMY, WILLIAM POLLARD,
DR. COX, and DR. HEIDORN,

    Defendants.

## DECISION AND ORDER ON PLAINTIFF'S PETITION
## TO PROCEED IN FORMA PAUPERIS

The plaintiff, who is incarcerated at Green Bay Correctional Institution, filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On January 7, 2010, the court granted the plaintiff's motion to file an amended complaint. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $2.93.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level."

- 2 -
Case 2:09-cv-01031-PJG   Filed 01/21/10   Page 2 of 7   Document 17

Twombly, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The plaintiff's amended complaint concerns throat pain he suffered while incarcerated at the Wisconsin Secure Program Facility (WSPF) and at Green Bay Correctional Institution (GBCI). The plaintiff previously brought a similar lawsuit, 08-CV-449-SLC, in the Western District of Wisconsin. In that case, the plaintiff sued four WSPF employees who are also named as defendants in this lawsuit: Warden Peter Huibregtse, Nurse Mora, Nurse Amy, and Dr. Cox, alleging that they were deliberately indifferent to his painful throat condition, which began when he swallowed a small rock in his food at WSPF on October 18, 2007. United States District Judge Barbara B. Crabb dismissed that action for a failure to state a claim, finding that the plaintiff's swollen and sore throat did not

qualify as an objectively serious medical need, and that the plaintiff's allegations could only establish negligence or medical malpractice at most. Luckett v. Huibregtse, 2008 WL 4809461 *2-4 (W.D. Wis. October 29, 2008). The plaintiff appealed, but his appeal was dismissed for failure to pay the required docketing fee. Appeal Number 08-4150 (7th Cir. April 29, 2009).

The doctrine of claim preclusion, also known as res judicata, bars a second suit in federal court where there is: (1) identity of the claims; (2) identity of the parties (or their privies); and (3) a final judgment on the merits. Ross v. Bd. of Ed. of Township High Sch. Dist. 211, 486 F.3d 279, 283 (7th Cir. 2007). Accordingly, a plaintiff cannot re-file a claim that was dismissed on the merits in a previous lawsuit. Any error in the previous dismissal "can be corrected only by a direct review and not by bringing another action upon the same cause of action." Id. at 284. Furthermore, even new allegations arising from the "common core of operative fact" encompassed by the first case, "whether or not they were actually raised in the earlier lawsuit . . . may not be asserted in the second or subsequent proceeding." Id. at 283. However, under certain circumstances, "if the supposedly wrongful events are separated by time and function, multiple suits are permissible." Id., quoting Perkins v. Bd. of Trustees of Univ. of Ill., 116 F.3d 235, 236-37 (7th Cir. 1997).

This lawsuit names the four WSPF defendants previously sued in Western District case number 08-CV-449-SLC, along with two new GBCI defendants: Dr. Heidorn and Warden William Pollard. As in his previous lawsuit, the plaintiff alleges that prison employees failed to treat his throat pain. Some of the plaintiff's allegations relate to his lack of treatment in October 2007 at WSPF, a claim that was previously dismissed for failure to state a claim and may not be re-filed. See Kamelgard v. Macura, 585 F.3d 334, 339 (7th Cir. 2009) ("A dismissal for failure to state a claim is a dismissal on the merits,

Fed.R.Civ.P. 41(b), unless the dismissal order states otherwise; and a dismissal on the merits is normally with prejudice and thus a bar to relitigation.").

The plaintiff also alleges that after he was transferred to GBCI, Dr. Heidorn told him to order pain pills from the canteen and Warden Pollard did not respond after the plaintiff contacted him. The plaintiff's amended complaint provides no indication that over-the-counter pain relief was inappropriate for his condition, or even that he suffered from a serious medical condition at all. See Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 829 (7th Cir. 2009). ("A prison's medical staff that refuses to dispense bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue – the sorts of ailments for which many people who are not in prison do not seek medical attention – does not by its refusal violate the Constitution" [quoting Edwards v. Snyder, 478 F.3d 827, 830-32 (7th Cir. 2007]).

However, the plaintiff also filed an affidavit from another inmate, stating that members of the medical staff at GBCI refused to treat the plaintiff in August 2009, when he was in chronic pain and spitting up blood from his swollen throat. See Affidavit of Dwayne Almond, Docket # 14, at 1. This additional information suggests that the plaintiff may have an arguable claim regarding his treatment at GBCI. Accordingly, the plaintiff will be given an opportunity to file a second amended complaint, on or before **February 22, 2010**, with adequate factual allegations clearly explaining what each defendant did and how those actions or inactions violated the plaintiff's federal rights. See Brooks v. Ross, 578 F.3d 574, 580-581 (7th Cir. 2009) (stating that a § 1983 complaint must "adequately connect specific defendants to illegal acts" and "provid[e] some specific facts to ground those legal claims"). Failure to file a second amended complaint within this time period

- 5 -
Case 2:09-cv-01031-PJG   Filed 01/21/10   Page 5 of 7   Document 17

may result in dismissal of this action for failure to prosecute and for failure to state a claim.

The second amended complaint must not contain any claims that were previously dismissed in Western District case number 08-CC-449-SLC, or that could have been brought in that case. The second amended complaint must bear the docket number assigned to this case and be labeled "Second Amended Complaint." The second amended complaint will supersede the prior complaint and must be complete in itself, without reference to prior filings. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket # 2) be and hereby is **granted**.

**IT IS FURTHER ORDERED** that on or before **February 22, 2010**, the plaintiff shall file a second amended complaint that provides a plausible factual basis for his claims and that does not include any claims previously dismissed in Western District case number 08-CC-449-SLC.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the $347.07 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney

General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiff is hereby notified that failure to make a timely submission may result in the dismissal of this action for failure to prosecute, and that all correspondence and legal material must be filed with the Clerk of Courts Office, 517 E. Wisconsin Avenue, Room 362, Milwaukee, Wisconsin 53202.

In addition, the plaintiff must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 21st day of January, 2010.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge