# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LERVOLTIS LUCKETT,

    Plaintiff,

    v.                                 Case No. 09-C-1031

Dr. HEIDORN, HSU SUPERVISOR ZWIERS,
NURSE LUTSEY, and NURSE LEMENS,

    Defendants.

## DECISION AND ORDER

The plaintiff, who is incarcerated at Green Bay Correctional Institution, filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court for screening of the plaintiff's second amended complaint and also for consideration of the plaintiff's motion to supplement the complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint "does not need detailed factual allegations," but must provide "more than an unadorned, the-defendant-unlawfully-harmed-

me accusation." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 556 U.S. ___ , 129 S. Ct. 1937, 1949 (2009). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). This "facial plausibility" standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In screening the plaintiff's first amended complaint regarding throat pain he suffered while incarcerated at the Wisconsin Secure Program Facility (WSPF) and at Green Bay Correctional Institution (GBCI), the court noted that the plaintiff brought a similar lawsuit, 08-CV-449-SLC, in the Western District of Wisconsin. See Court Order of January 21, 2010, at 3. In that case, the plaintiff sued four WSPF employees, alleging that they were deliberately indifferent to his painful throat condition, which began when he swallowed a small rock in his food at WSPF on October 18, 2007. United States District Judge Barbara B. Crabb dismissed that action for a failure to state a claim, finding that the plaintiff's swollen and sore throat did not qualify as an objectively serious medical need, and that the plaintiff's allegations could only establish negligence or medical malpractice at most. Luckett v. Huibregtse, 2008 WL 4809461 *2-4 (W.D. Wis. October 29, 2008).

Accordingly, in screening the amended complaint, this court held that the plaintiff's allegations regarding his lack of treatment at WSPF were barred by the doctrine of claim preclusion, also known as res judicata. Furthermore, this court found the plaintiff's allegations regarding his treatment by members of the Health Services Unit (HSU) at GBCI did not provide enough factual material to support an inference that the defendants violated

- 2 -

his constitutional rights. Therefore, the plaintiff was ordered to file a second amended complaint containing a plausible factual basis for his claims and excluding any WSPF claims previously dismissed in Western District case number 08-CC-449-SLC.

On February 23, 2010, the plaintiff filed a second amended complaint, naming four GBCI employees as defendants: HSU Supervisor Zwiers, Dr. Heidorn, Nurse Lutsey, and Nurse Lemens. According to the plaintiff, since July 31, 2009, he has suffered from constant swelling of his throat, which causes him to spit up blood and suffer both chronic and acute pain. On August 3, 2009 he asked defendant Lutsey for medical assistance, but she denied his request, saying that he was "not special nor better than the others." (Second Amended Complaint at 2). The plaintiff wrote HSU Supervisor Zwiers "many requests," but was told only that he was "on the list to see the Physician." Id. at 3. At an HSU sick call visit Nurse Lemens told him that his throat "couldn't be hurting." Id. The HSU staff never checked his throat and he never saw the physician.

On March 8, 2010, the plaintiff filed a motion to supplement his second amended complaint. He stated that he was finally seen by Dr. Heidorn on March 2, 2010, but that the doctor refused to examine him and refused to grant a referral to an outside specialist.

The Eighth Amendment's prohibition of cruel and unusual punishment forbids deliberate indifference to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 103-05 (1976). To establish liability a prisoner must demonstrate both an objectively serious medical condition, and an official's deliberate indifference to that condition. See Johnson v. Snyder, 444 F.3d 579, 584 (7th Cir. 2006). A medical condition is objectively serious if a physician has determined that treatment is mandated, or if it is "so obvious that

even a lay person would easily recognize the necessity for a doctor's attention." Id. at 584-85 (quoting Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997)). A prison official is deliberately indifferent if he knows of a substantial risk of harm and disregards that risk. Edwards v. Snyder, 478 F.2d 827, 831 (7th Cir. 2007).

At this stage in the proceedings and considering the information now before the court, the plaintiff has stated an Eighth Amendment claim for indifference to his serious medical needs. It remains to be determined whether the plaintiff's throat problems are objectively serious, but severe pain can constitute a serious medical need. See Hayes v. Snyder, 546 F.3d 516, 523 (7th Cir. 2008); Gutierrez, 111 F.3d at 1373) ("recognizing that a 'serious medical need' exists where the condition features 'chronic and substantial pain'"). Therefore, the court will grant the plaintiff's motion for leave to supplement his second amended complaint,

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for leave to supplement his second amended complaint (Docket # 19) be and hereby is **granted**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Attorney General and this court, copies of plaintiff's second amended complaint (Docket # 18), plaintiff's motion to supplement (Docket # 19), and this order are being sent today to the Attorney General for service on the state defendants.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

- 4 -

Honorable Patricia J. Gorence
c/o Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 22nd day of July, 2010.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge